IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMAR HAYNES, ) | |
| ) | |
| Petitioner, ) | 4:16CV3064 |
| ) | |
| V. ) | |
| ) | |
| SCOTT FRAKES, Director, ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| Respondent. ) | |
| ) | |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) Respondent argues that the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The court agrees and will dismiss the petition with prejudice.

## BACKGROUND

In 2009, Petitioner was convicted in the District Court of Lancaster County, Nebraska of two counts of terroristic threats, two counts of use of a weapon to commit a felony, one count of felon in possession of a deadly weapon, and one count of burglary. (Filing No. 11-6.) Petitioner filed a direct appeal, and his convictions were affirmed by the Nebraska Court of Appeals on February 22, 2011. Petitioner did not file a petition for further review. (Filing No. 11-1.)

Petitioner filed a motion for postconviction relief on June 24, 2011. (Filing No. 11-4.) The state district court denied Petitioner's motion, and the denial was affirmed by the Nebraska Court of Appeals. On April 9, 2014, the Nebraska Supreme Court denied Petitioner's petition for further review. (Filing No. 11-2.) The mandate issued on April 22, 2014. (*Id.*)

Petitioner filed his habeas petition in this court on April 20, 2016. (Filing No. 1.)

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). Here, there is no doubt that Petitioner filed his petition for federal habeas relief more than one year from any of these four dates.

The statute of limitations relating to Petitioner's convictions began running on March 24, 2011, which is 30 days after the Nebraska Court of Appeals affirmed Petitioner's conviction on direct appeal. *Gonzalez v. Thaler*, 132 S. Ct. 641 (2012) (holding that when a state prisoner does not seek review in a State's highest court, the judgment becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) on the date that the time for seeking such review expires); Neb. Ct. R. App. P. § 2-102(F)(1) (stating that a petition for further review must be filed within 30 days after the release of the opinion of the Court of Appeals).

Petitioner filed a motion for postconviction relief on June 24, 2011, which tolled the statute of limitations. Still, the time between March 24, 2011 and the filing of the postconviction motion on June 24, 2011, counts toward the habeas limitations period. *See Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). The denial of Petitioner's postconviction motion was affirmed by the Nebraska Court of Appeals, and the Nebraska Supreme Court denied Petitioner's request for further review on April 9, 2014. (Filing No. 11-2.) The mandate issued on April 22, 2014. (*Id.*) Petitioner filed his habeas petition on April 20, 2016. (Filing No. 1.) Thus, Petitioner did not file his habeas petition until approximately two years

after the postconviction action concluded. Clearly, Petitioner's claims are time-barred.

Petitioner did not respond to Respondent's summary judgment motion. Therefore, there has been no argument that Petitioner is entitled to equitable tolling or the protections of the miscarriage of justice exception. See *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The court sees no grounds for affording such relief. Accordingly, Petitioner's habeas petition will be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter. The court will enter a separate judgment in accordance with this order.

DATED this 29th day of September, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge